(No. 5252-

FRED C. GRONBACH, CALVIN O. GRONBACH, and BETTY GRONBACH, his wife, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 11, 1969.*

PERONA AND PERONA, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; MORTON ZASLAVSKY, ETTA J. COLE AND SHELDON RACHMAN, Assistant Attorneys General, for Respondent.

PERLIN, C.J.

Claimants seek recovery of the sum of $2,888.28 for damages sustained to farm land owned by claimants after respondent took part of the land for the construction of Interstate 80. The claimants request reimbursement for monies spent to correct a flooding condition and for loss of specific crops.

The evidence shows that claimants are owners of 80 acres of land in Bureau County, Illinois, now and prior to 1963. In 1963, the State of Illinois built Interstate 80, which intersected claimants' farm, and caused the highway to be approximately ten to fifteen feet higher than claimants' land.

Respondent's only witness, James McCoy, the project engineer testified that in 1963 the State of Illinois acquired claimants' land for the necessary right-of-way for the sum of approximately $500.00 per acre. He testified that the settlement included land taken and damage for the remainder through severance and triangulation. Mr. McCoy stated that the possibility of a future drainage problem was discussed in the negotiations, but it was decided that it would be "speculative and conjecture" to determine the damages, and, if there were any, "this should be taken up with the Court of Claims". The deeds to the land are not a part of the evidence, nor was there a departmental report submitted.

Claimants' only witness, Calvin O. Gronbach, testified that the drainage of the farm before 1963 was good, but that after the road was installed, the farm was flooded and crops were drowned for two years in a row, which caused claimants to lose four acres of corn one year and seven acres the next.

Claimants submitted into evidence a plan of tiling to

correct the flooding, which was prepared for them by the United States Department of Agriculture Soil Conservation Service in cooperation with the Bureau County Soil Conservation Service, and stated that they had hired a tiler to lay the tile as specified in the plan. Claimants spent $1,565.70 for tile and labor, and are also seeking reimbursement in the sum of $180.00 for the use of their cat machine at $15.00 per hour. They claim $1,056.00 in damages for four acres of corn lost in 1963, and seven acres of corn lost in 1964. The loss was computed at eighty bushels per acre at $1.20 per bushel. On cross examination, claimant testified that the corn would bring $1.20 per bushel on the market, but the cost of production was not figured in claimants' estimate, and that cost would be between $0.60 to $0.80 per bushel.

Respondent objects to claimants' request for reimbursement on the grounds that claimants took no bids for the tile work, nor obtained prior authority from the State to hire the particular tiler; that the construction of the highway was not proven to be the sole cause for the damage; that there was no evidence that the damage was not caused by an abnormally high rainfall; that the damages are speculative, and that claimants could not rely on representations by State employees as to payment for future damages.

However, respondent has submitted no evidence that the damages were not incurred by claimants; that the amount spent to correct the flooding was not reasonable, nor that there was another cause for the flooding.

Whether claimants may seek consequential damages after having been compensated for the land was decided in the case of *Gan* vs. *State of Illinois*, Court of Claims No. 5201. In that case, the right-of-way for a road built by respondent was procured, and the deed contained "the usual release from liability and damages to remaining property caused by the use, construction or opening up of

the highway." After the road was constructed, claimants' property, which was approximately 23 feet below the grade of the highway,was flooded. Claimants contended that the flooding was caused by the failure of the Division of Highways to provide drainage. The Court denied recovery for depreciation of property value, because claimants had knowledge of the highway's construction when they built their home, and also granted the right-of-way in a recorded deed. However, the Court allowed reimbursement for all expenditures made to correct the flooding condition stating: "This Court holds that claimants are entitled to just compensation for consequential damages actually sustained subsequent to the taking of the property under the Eminent Domain Act, and after the construction of the highway." (*Tenboer* vs. *State of Illinois*, 21 C.C.R. 359).

The instant case falls within the rules set forth in the *Gan* case, and claimants are entitled to the actual damages incurred by reason of the flooding.

Therefore, claimants may recover $1,565.70 for tile and labor, $180.00 for use of the cat machine, and $528.00 for loss of crops.

Claimants are hereby awarded the sum of $2,273.70.